GREENLEE, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 68. I join the majority in affirming O'Kelly's conviction for trafficking in a controlled substance and in finding the evidence insufficient to establish depraved-heart murder. But I dissent to the extent the majority finds the evidence insufficient to establish culpable-negligence manslaughter.
 

 ¶ 69. In this case, the jury convicted O'Kelly of depraved-heart murder and therefore implicitly found him guilty of the lesser-included offense of culpable-negligence manslaughter.
 
 [10]
 

 Shields v. State
 
 ,
 
 722 So.2d 584
 
 , 587 (¶ 7) (Miss. 1998) ("[G]uilt of a true lesser[-]included offense is implicitly found in the jury's verdict of guilt on the greater offense."). Culpable-negligence manslaughter is the "killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law."
 
 Miss. Code Ann. § 97-3-47
 
 (Rev. 2014). It is distinguishable from depraved-heart murder "simply by degree of mental state of culpability."
 
 Hawkins v. State
 
 ,
 
 101 So.3d 638
 
 , 643 (¶ 17) (Miss. 2012).
 

 ¶ 70. At the time O'Kelly gave NBOMe to Rodenbaugh, it had been on the federal Drug Enforcement Administration's and Mississippi's lists of controlled substances. Expert testimony indicated that NBOMe is incredibly potent, has been linked to death at very low levels, and can cause death in a short period of time. In addition, users of NBOMe cannot develop a tolerance to it, and it is impossible to predict which concentration of the drug could result in death. Given the properties of this drug and its illicit procurement, a reasonable juror could find that O'Kelly's act of giving it to Rodenbaugh was "negligence of a degree so gross as to be tantamount to a wanton disregard, or utter indifference to, the safety of human life."
 
 McCarty v. State
 
 ,
 
 247 So.3d 260
 
 , 269 (¶ 29) (Miss. Ct. App. 2017).
 

 ¶ 71. Because the jury's verdict encompassed a finding of guilt as to the lesser-included offense of culpable-negligence manslaughter, I would remand this case to the trial court for resentencing on only culpable-negligence manslaughter. Alternatively, as the majority seems to determine that the verdict "is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice," the proper remedy would be to grant a new trial on the basis of culpable-negligence manslaughter.
 
 Little v. State
 
 ,
 
 233 So.3d 288
 
 , 292 (¶ 21) (Miss. 2017). I therefore respectfully concur in part and dissent in part.
 

 By statute, manslaughter is a lesser-included offense of murder.
 
 See
 

 Miss. Code Ann. § 97-3-19
 
 (Rev. 2014).